**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHAR-LIL CORPORATION,

    Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent-Appellee.

No. 99-9021

(Tax Court Docket No. 4084-97)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK, POLITZ,**[**] and **LUCERO,** Circuit Judges.

---

Char-Lil Corporation appeals the holding of the Tax Court, affirming the

determination by the Commissioner of Internal Revenue that Char-Lil qualifies as a

personal holding company, and therefore owes additional taxes and penalties for the years

1989 to 1994. A close review of the record persuades that we should affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Henry A. Politz, United States Court of Appeals for the Fifth Circuit, sitting by designation.

**BACKGROUND**

Char-Lil is a closely held corporation formed in 1976 by Charles McKelvey with his wife and daughter. They are the sole stockholders. In exchange for stock, McKelvey transferred nine parcels of real estate to the corporation on January 1, 1977. Between 1977 and 1989, Char-Lil acquired eight additional properties, and sold twelve. Char-Lil did not acquire or sell any other properties until 1995, when two parcels were sold.

Char-Lil typically would renovate the properties as needed, lease them to qualified tenants, then eventually sell same to the tenant. Char-Lil did not utilize the services of a real estate broker for most of its sales, and did not publically advertise the properties for sale. When it did sell a property, Char-Lil would provide financing to the buyer, with resultant installment note payments of principal and interest, in lieu of rental payments.

During the years in question, 1989 to 1994, Char-Lil elected to file corporate tax returns, invoking Tax Code provisions which allowed it to spread income over several years, and to depreciate the value of the properties.[1] After auditing its returns, the Commissioner issued a notice of deficiency to Char-Lil, reflecting a determination that the corporation was primarily in the business of buying and renting, not buying and selling, real estate. The Commissioner determined that Char-Lil qualified as a personal

---

[1] These provisions are not available to corporations whose primary business is the buying and selling of real estate. The Commissioner has not questioned the propriety of Char-Lil's filing elections. He does assert that the filings now bind Char-Lil to the operating status it elected.

holding company, subject to tax on its income, for the years 1989 to 1994. The

Commissioner also disallowed a portion of the passive investment losses claimed by the

corporation, and assessed penalties for underpayment of taxes due. Char-Lil appealed to

the Tax Court, which affirmed, in a detailed opinion, all but a small part of the

Commissioner's findings. Char-Lil timely appealed that ruling to this court.

## ANALYSIS

The Tax Court determined that the properties owned by Char-Lil were purchased

primarily for rental, not for sale.[2] Based upon that factual finding, the Tax Court affirmed

the Commissioner's determination that Char-Lil qualified as a personal holding company,

and that the deficiencies and penalties noticed were appropriate.[3] We review the opinion

of the Tax Court for clear error.[4]

Our review of the Tax Court opinion, the relevant authorities, and the filings and

arguments of counsel, compels the conclusion that the evidence and controlling law

conclusively support the resolution by the Tax Court.

---

[2] This does not mean that the rental properties would never be sold, just that they were primarily purchased for their rental income potential. Similarly, the eventual sale of a rental property does not mean it was primarily purchased for resale.

[3] The Tax Court, in its opinion, and the Parties, in their pleadings, traversed the various Tax Code provisions from which that conclusion is derived. We need not again travel that legal terrain.

[4] Pullman-Standard v. Swint, 456 U.S. 273 (1982); Brown v. Commissioner of Internal Revenue, 448 F.2d 514 (10th Cir. 1971).

The judgment of the Tax Court is in all respects AFFIRMED.

Entered for the Court

Henry A. Politz
Circuit Judge